IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MANETIRONY CLERVRAIN,

                Plaintiff,

      v.

KENNETH T. CUCCINELLI,

                Defendant.

ORDER

20-cv-989-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Manetirony Clervrain, an immigration detainee at Moore Detention Facility in Oklahoma, has filed a lawsuit seeking relief from this court regarding the legality of his detention and certain policies at the facility.  Plaintiff has named Kenneth T. Cuccinelli, the acting deputy director for the Department of Homeland Security, as the sole defendant. Plaintiff is a prolific litigator, and has filed more than 100 cases in federal court, most of which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  He has requested leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a).  (Several courts have concluded that plaintiff has "struck out" under § 1915(g), but it appears that plaintiff is an immigration detainee, and not necessarily a "prisoner" subject to § 1915(g)).

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may

1

be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). The purpose of § 1915's screening provisions is to insure that the targets of frivolous or malicious suits need not bear the expense of responding.  <u>Wheeler v. Wexford Health Sources, Inc.</u>, 689 F.3d 680, 681 (7th Cir. 2012).

Plaintiff's allegations do not support any plausible claim against Acting Deputy Director Cuccinelli.  Although plaintiff's complaint itself is typed and legible, plaintiff's allegations about his detention are nearly incomprehensible.  Often, his words do not form coherent sentences or convey clear thoughts.  Plaintiff mentions torture, genocide and concentration camps, but his specific frustration seems to stem from his financial obligations to various courts.  His allegations are frivolous, and do not support any viable claim for relief.  Therefore, I will dismiss his complaint.  I will also certify that an <u>in forma pauperis</u> appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).


ORDER

IT IS ORDERED that

1.  Plaintiff Manetirony Clervrain's complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

2.  The court CERTIFIES that an <u>in forma pauperis</u> appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

3.  The clerk of court is directed to enter judgment and close this case.

Entered this 13th day of November, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3